THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ING KEE AND SAM MOY, PLAINTIFFS IN ERROR.

Submitted May 17, 1929—Decided July 26, 1929.

Before Justices PARKER, BLACK and BODINE.

For the plaintiffs in error, *George E. Cutley.*

For the state, *John Drewen,* prosecutor of the pleas.

PER CURIAM.

The plaintiffs in error were convicted of atrocious assault, and seek to reverse the conviction. The only assignment or specification laid before us as a ground of reversal challenges a paragraph of the charge relating to the claim of alibi interposed by the defendants. It does not include all of the charge on that subject, and on well-settled principles, all should be read together. The following is the complete charge on that point:

"There has also been presented in this case an alibi, and the alibi applies particularly to Sam Moy, but I think it also affects Ing Kee. I shall read to you what the law says you may use in your determinations in considering an alibi as a defense to an accusation.

"Absence from the scene of the crime is not an unreasonable position for those charged with crime to take, and it is sometimes the easiest and surest way of escape, though escape, by this means, frequently involves criminal contrivance and perjury on the part of the accused. While the defense of alibi may be thus abused, it is nevertheless a legal defense and a

most complete one, when truthfully and fully established. The fact that an alibi can be presented as the result of perjury and connivance imposes upon the jury the duty of carefully weighing and scrutinizing the testimony, which is offered, establishing it.

"No better rule can, perhaps, be prescribed as to what weight must be given to testimony to successfully establish an alibi or to make it effective as a defense than this—that it must be of such force as to create a reasonable doubt of the defendant's guilt as made out by the state. The state is required to make out a case of guilt beyond a reasonable doubt, before a conviction can legally be had.

"It follows, therefore, in this case, that if the state has by the proofs made out a clear case against the defendant—and they (the defendants) rely upon the defense of an alibi—they must, in order to escape conviction, establish such alibi by such evidence and to such a degree as will, when taken and considered together with all the *rest of the* evidence in the case, create in your minds a reasonable doubt of their guilt."

It is the last paragraph, beginning: "It follows, therefore," that is attacked as erroneous.

We deem it needless to consider it as standing alone. Taken with what precedes it, the plain purport is that if, in the language of the first headnote of *State* v. *Parks, 96 N. J. L.* 360, "the personal presence of the defendant at the scene of the alleged crime is an essential of his guilt, and the defense of alibi is interposed, defendant is entitled to an acquittal if the testimony creates such a degree of uncertainty as to his whereabouts that the jury are not satisfied beyond a reasonable doubt of his guilt."

Such in our estimation, though at considerably greater length, was the effect of the charge, which might well have been compressed into the authoritative language of the Court of Errors and Appeals in the case cited.

The judgment will be affirmed.